IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ty A. Trahan,<br><br>                Petitioner,<br><br>v.<br><br>JT Shartle,<br><br>                Respondent. | No. CV-15-00085-TUC-RCC (BPV)<br><br>**AMENDED REPORT & RECOMMENDATION**[1]<br><br>**NUNC PRO TUNC** |

Pending before the Court is Petitioner's *pro se* Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1). Respondent has filed a Return and Answer combined with a Motion to Dismiss the Petition (Doc. 13). Petitioner did not file a reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the District Court, after its independent review, grant Respondent's Motion to Dismiss Petition (Doc. 13) and dismiss this action.

**I.   BACKGROUND**

Petitioner Ty A. Trahan, is currently confined at the U.S. Penitentiary in Tucson, Arizona. In October 2008, Petitioner was indicted in the District Court for the Western

---

[1] The Report and Recommendation (Doc. 15) filed on December 21, 2015 is hereby amended to reflect the recommendation that Respondent's Motion to Dismiss Petition (Doc. 13) should be granted.

District of Louisiana on five counts of receiving child pornography. (Doc. 13, p. 4[2]). Upon entering a guilty plea to count one of the indictment, Petitioner was sentenced to 97 months of imprisonment with credit for time served followed by supervised release for a term of life. (Doc. 13, Exh. B, Att. 7 at pp. 56-59). Petitioner "has a projected release date of April 25, 2016 via Good Conduct Time release." (Doc. 13, Exh. B, Att. 10 at p. 69; Doc. 13, Exh. B at ¶12). Expiration of Petitioner's full term falls on November 3, 2016. (Doc. 13, Exh. B, Att. 10 at p. 70).

As discussed in further detail below, Petitioner contends that the Bureau of Prisons ("BOP") has failed to credit him for time he was in custody prior to imposition of his federal sentence. Respondent argues that Petitioner's claim is without merit because he received all prior custody credit to which he is entitled.

## II. DISCUSSION

### A. JURISDICTION

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,'... and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990), *overruled in part on other grounds by City of Littleton, Colo. v. Z.J. Gifts D–4*, L.L.C., 541 U.S. 774 (2004)). With regard to habeas petitions, federal jurisdiction is dependent upon a proper characterization of the petition. *Gay v. Winn*, 2009 WL 275324, *2 (D.Ariz. Feb.5, 2009).

Generally, an action to contest the legality of a sentence must be filed pursuant to 28 U.S.C. § 2255, whereas an action to challenge the execution of a sentence must be filed pursuant to 28 U.S.C. § 2241. *Hernandez*, 204 F.3d at 864. Petitioner does not claim that the sentencing court imposed an illegal sentence; instead, he challenges the manner, location, or condition of the execution of his sentence. Petitioner's claim is properly filed pursuant to § 2241. Further, because Petitioner is incarcerated at the U.S.

---

[2] Page numbers cited refer to the page numbers assigned to the document by the Court's electronic filing system (CM/ECF).

Penitentiary in Tucson, Arizona, this Court has jurisdiction over this matter. *Francis v. Rison*, 894 F.2d 353 (9th Cir.1990); *Gay*, 2009 WL 275324 at * 2.

### B. EXHAUSTION

Federal prisoners are generally required to exhaust available administrative remedies before filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. *See Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir.1991); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir.1986). The failure to satisfy the exhaustion requirement applicable to section 2241 proceedings is not jurisdictional. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990) *overruled on other grounds by Reno v. Koray*, 515 U.S. 50, 54–55 (1995). Thus, where a federal prisoner fails to properly exhaust administrative remedies prior to filing a § 2241 petition, "the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Id.* The district court may exercise its discretion to excuse the exhaustion requirement if the administrative remedy is inadequate, ineffective, or if attempting to exhaust would be futile or cause irreparable injury. *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir.1993); *United Farm Workers of America v. Arizona Agr. Emp't. Relations Bd.,* 669 F.2d 1249, 1253 (9th Cir.1983). Factors weighing in favor of requiring exhaustion include whether: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct is own mistakes and to preclude the need for judicial review. *Noreiga–Lopez v. Ashcroft*, 335 F.3d 874, 880–81 (9th Cir.2003) (citing *Montes v. Thornburgh*, 919 F.2d 531, 537 (9th Cir.1990)). *See also Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir.1983) (recognizing that requiring exhaustion of administrative remedies "will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in

the course of administrative proceedings.").

The BOP has established an Administrative Remedy Program which requires the prisoner to proceed through a four-tier review process comprised of: (1) an informal resolution process with institutional staff, see 28 C.F.R. § 542.13; (2) a formal written Administrative Remedy Request to the warden, see 28 C.F.R. § 542.14; (3) an appeal to the BOP Regional Director, see 28 C.F.R. § 542.15; and (4) an appeal to the BOP General Counsel, *see id.* ("Appeal to the General Counsel is the final administrative appeal."). Additionally, formal administrative remedy requests regarding initial decisions that did not originate with the Warden, or his/her staff, may be initially filed with the Bureau office which made the original decision, and appealed directly to the General Counsel. 28 C.F.R. § 542.14(d)(5). The regulation is clear that "[t]he purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).

Respondent asserts that Petitioner failed to exhaust administrative remedies prior to filing the instant Petition. (Doc. 13, pp. 7-9). Petitioner counters that his request to prison staff for forms to commence exhaustion of administrative remedies was denied and he was, instead, directed to go to "Records" about his claim. (Doc. 1-1, pp. 8-9). He further states that he did not receive a response to the request he filed with Records Staff. (*Id.* at p. 9). According to Petitioner, the actions of prison staff prevented him from complying with the administrative remedy procedure and further pursuit of administrative remedies would be futile. (*Id.* at pp. 7-9).

Respondent has submitted an unsworn statement from Unit Counselor Stacy Smith indicating that "[a]lthough [she] did not deny Mr. Trahan the Administrative Remedy Process," when Petitioner requested the form to initiate administrative remedies to seek "an adjustment on his jail credit time", she "simply suggested he first speak to Records to try to resolve this issue. I added, if he was dissatisfied with the response from Records to come back and see me so we could start the Administrative Remedy Process….Mr. Trahan has made no attempt to contact me about this issue since that conversation…."

(Doc. 13, Exh. A, Att. 4 at p. 30). Respondent also submits an unsworn statement from Unit Manager Sharon Bowers who states that she never denied Petitioner an administrative remedy and if he had requested "one, I would have directed him to his Counselor or given it to him myself." (*Id.* at p. 31).

The record supports Petitioner's claim that he was initially directed to Records instead of given the necessary form to pursue the administrative remedy process. However, Petitioner does not allege that after Records staff failed to respond to him, he further attempted to pursue administrative remedies. Nonetheless, the Court declines to recommend that this matter be remanded for Petitioner to pursue administrative remedies given that review of Respondent's Answer supports the conclusion that there is no possibility that the relief applied for may be granted at the administrative level. Thus, there is no need to provide the administrative agency an opportunity to correct errors in hope of precluding the need for judicial review given Respondent's assertion that no error was made and as discussed *infra*, Respondent is correct that Petitioner's claims are meritless. Although the Court does not condone Petitioner's bypass of the administrative exhaustion requirements, the Court will review the merits of Petitioner's claim despite Petitioner's failure to exhaust administrative remedies. *See Fraley*, 1 F.3d at 925. *See also Parsons v. Sanders*, 2010 WL 5676523, *1 (D.Ariz. Dec.20, 2010) (court need not address exhaustion where claim is without merit), *adopted by* 2011 WL 320913 (D. Ariz. Jan. 30, 2011).

### C.   PETITIONER'S REQUEST FOR RELIEF

Petitioner points out that his Current Program Review form dated September 25, 2014 indicates that his sentence began on October 22, 2009, which was the date he was sentenced. (Doc. 1-1, p. 3; *see also* Doc. 1, Exh. 3 at p. 13). Petitioner contends his sentence calculation improperly fails to take into account time he spent in custody prior to imposition of the sentence. (*See e.g.* Doc. 1-1, p. 3 (arguing that the sentence did not begin in 2009, but upon detention for the same charge); Doc. 1-1, p. 6 (arguing that the

sentence "actually began when he was arrested on…December 20, 2007[]" on the state charges.)).

The record reflects that Petitioner was arrested by Louisiana state police officers on December 20, 2007 on state charges of pornography involving juveniles. (Doc. 13, p. 4; Doc. 13, Exh. B, Att. 1). He was detained at the Lafayette Parish County Jail on the state charges until January 4, 2008, when he was released on bond. (Doc. 13, p.4; Doc. 13, Exh. B, Att. 2). On September 9, 2008, the state declined to prosecute Petitioner. (Doc. 13, p. 5; Doc. 13, Att. B at ¶8).

On October 14, 2008, the federal indictment alleging five counts of receiving child pornography was filed and Petitioner was arrested by the U.S. Marshal on the federal charges on October 20, 2008. (Doc. 13, Exh. B, Att. 3; Doc. 1, Exh. 4 at p. 14). On October 22, 2008, the District Court for the Western District of Louisiana ordered Petitioner's further detention pending trial. (Doc. 13, Att. B, at ¶ 7; *see also* Docs. 15, 18 *filed in United States v. Ty Anthony Trahan,* CR 08-280-01 (W.D. La.)). Thereafter, Petitioner entered a plea of guilty to count one of the indictment and counts two through five were dismissed. (*See* Doc. 1, Exh. 5 at p. 15). On October 22, 2009, the federal court sentenced Petitioner to a term of imprisonment of 97 months with credit for time served followed by supervised release for a term of life. (Doc. 13, Exh. B, Att. 7 at pp. 56-59).

"After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 336 (1992) (citing 18 U.S.C. § 3621(a)); *see also Allen v. Crabtree*, 153 F.3d 1030, 1033 (9th Cir. 1998). The statute governing calculation of a term of imprisonment provides that a federal sentence commences on the date the defendant is received in custody to begin service of his sentence. 18 U.S.C. § 3585(a). Section 3585 also provides for credit for prior custody as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

- 6 -

> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Section 3585(b) does not authorize a district court to compute the credit at sentencing. *Wilson*, 503 U.S. at 334; *United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002). Instead, the Attorney General, acting through the BOP, has the responsibility to compute the credit allowed by section 3585(b). *Wilson*, 503 U.S. at 334–35; see also *Id.* at 335 ("Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant."). "[T]he BOP [has] developed detailed procedures and guidelines for determining the credit available to prisoners." *Id.* at 335. *See also Cruz v. Sanders*, 2008 WL 5101021, *1 (C.D.Cal. Dec.2, 2008) ("The BOP's guidelines for computation of sentences are set forth in Program Statement 5880.28, which expressly incorporates the provisions of 18 U.S.C. § 3585(b)." (citing Program Statement 5880.28 at 1–14)); (Doc. 13, p. 6; Doc. 13, Exh. B at ¶10). The BOP's internal guidelines provided in the Program Statements are not entitled to the same deference as promulgated regulations, but they are nonetheless entitled to "some deference" if they are a permissible construction of the statute. *See Reno,* 515 U.S. at 61. *See also Allen*, 153 F.3d at 1033.

Respondent does not dispute that Petitioner was in custody, as a result of the offense for which he was sentenced by the federal court, from December 20, 2007 to January 4, 2008 (on the state charges) and from October 20, 2008, the date he was arrested on the federal charges through October 21, 2009, which the was the day prior to sentencing. (Doc. 13, pp. 4-5; Doc. 13, Exh. B at ¶12 (citing Att. 10)).  Respondent points out that Petitioner's sentence monitoring computation data, which was last updated in October 9, 2012, reflects that Petitioner received "jail credit" for December 20, 2007

through January 4, 2008 and October 20, 2008 through October 21, 2009, totaling 383 days, thus resulting in an expiration full term date of November 3, 2016. (Doc. 13, Exh. B at ¶12; Doc. 13, Exh. B, Att. 10, at p. 70). Consequently, Respondent has established that Petitioner did, in fact, receive prior custody credit as allowed under § 3585(b). (*Id.*). Therefore, Petitioner's claim that he did not receive credit for such time is without merit and Respondent's Motion to Dismiss Petition should be granted.

### III. CONCLUSION & RECOMMENDATION

Because the BOP has appropriately awarded Petitioner all prior custody credit to which he is entitled, Petitioner's Petition is without merit. Accordingly, the Magistrate Judge recommends that the District Court, after its independent review grant Respondent's Motion to Dismiss Petition (Doc. 13) and dismiss this action.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within **FOURTEEN (14) DAYS** after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within **FOURTEEN (14) DAYS** after being served with a copy. Fed.R.Civ.P. 72(b)(2). No replies to objections shall be filed unless leave is granted from the District Court to do so. If objections are filed, the parties should use the following case number: **CV 15-85-TUC-RCC**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to review.

The Clerk of Court is DIRECTED to file this Report & Recommendation *NUNC PRO TUNC* as of December 18, 2015.

Dated this 22nd day of December, 2015.

Bernardo P. Velasco
United States Magistrate Judge