# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ty A. Trahan, | No. CV-15-00085-TUC-RCC |
| Petitioner, | **ORDER** |
| v. | |
| JT Shartle, | |
| Respondent. | |

Pending before the Court is Petitioner's Petitioner's pro se Petition under 28 U.S.C. §2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1), Respondent's combined Return, Answer, and Motion to Dismiss (Doc. 13) and Magistrate Judge Bernardo P. Velasco's Amended Report and Recommendation ("Amended R & R") (Doc. 16). The Court's docket reflects that Petitioner did not receive a copy of the Amended R&R, but also that Petitioner did not file a notice of change of address such that a copy could be provided. Docs. 17, 18. Respondent, who was electronically mailed a copy of the Amended R&R, did not file any objections thereto.

For the following reasons, the Court accepts and adopts Magistrate Judge Velasco's December 18, 2015 Amended R & R (Doc. 16) as the findings of fact and conclusions of law of this Court. Accordingly, the Court grants Respondent's Motion to Dismiss, denies Petitioner's Petition for Writ of Habeas Corpus and dismisses this action. The Court finds that resolution of this matter at this juncture is appropriate because

Petitioner failed to comply with Local Rule 83.3(d) and failed to heed the Court's warning that such a failure may result in dismissal of this action. See Doc. 8 at 2:23-28.

## I. Background

The factual and procedural background in this case is thoroughly detailed in Magistrate Velasco's R & R (Doc. 16). This Court fully incorporates by reference the "Background" section of the R & R into this Order.

## II. Discussion

The duties of the district court in connection with a R & R are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

Where the parties object to an R & R, "[a] judge of the [district] court shall make a de novo determination of those portions of the [R & R] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149-50 (1985). When no objection is filed, the district court need not review the R & R de novo. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus,* 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also,* Advisory Committee Notes to Fed.R.Civ.P. 72 (citing *Campbell v. United States Dist. Court,* 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court will not disturb a magistrate judge's order unless his factual findings are clearly erroneous or his legal conclusions are contrary to law. 28 U.S.C. § 636(b)(1)(A). "[T]he magistrate judge's decision…is entitled to great deference by the district court." *U.S. v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). A failure to

raise an objection waives all objections to the magistrate judge's findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998). A failure to object to a Magistrate Judge's conclusion "is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal." *Id.* (internal citations omitted).

Here, the parties have not objected to the Amended R & R (Doc. 16), which relieves the Court of its obligation to review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1) ] does not ... require any review at all ... of any issue that is not the subject of an objection."); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

The Court is aware that Petitioner did not receive a copy of the R&R and therefore has not evaluated the Judge Velasco's recommendations. However, Petitioner was obliged, pursuant to Rule 83.3(d) of the Local Rules of Civil Procedure, to file a notice of address change no later than seven (7) days after the effective date of the address change. The Court's Docket reflects that the original Report and Recommendation (Doc. 15) was mailed to Petitioner on December 21, 2015. Petitioner's copy of this Report and Recommendation was returned as undeliverable mail to the Clerk of the Court on January 5, 2016. See Doc. 17. The Amended R&R (Doc. 16) was mailed to Petitioner on December 22, 2015. Petitioner's copy of the Amended R&R was returned as undeliverable mail to the Clerk of the Court on January 11, 2016. See Doc. 18. This Court has given Petitioner well over seven days to file the requisite notice of change of address. Moreover, Petitioner was previously warned that he must comply with the requirements of Local Rule 83.3(d) and file a notice of change of address or else risk dismissal of this action.[1] The Court sees no reason to delay disposition of the Motion to Dismiss and R&R. See, e.g. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (holding that, where a Petitioner has failed to file a notice of change of address, an order to show

---

[1] Unlike the aforementioned R&R and Amended R&R, the Order containing this admonition (Doc. 8) was *not* returned as undeliverable mail.

1 cause why dismissal is not warranted or an order imposing sanctions [other than
2 dismissal] would only find itself taking a round trip tour through the United States mail.).
3     This Court considers the Amended R & R to be thorough and well-reasoned.
4 After a thorough and de novo review of the record, the Court adopts Magistrate Judge
5 Velasco's Amended R & R (Doc. 16).
6     Accordingly,
7     **IT IS HEREBY ORDERED** that Magistrate Judge Velasco's Report and
8 Recommendation (Doc. 16) is **ACCEPTED** and **ADOPTED** as the findings of fact and
9 conclusions of law by this Court.
10     **IT IS FURTHER ORDERED** that Respondent's Motion to Dismiss is
11 **GRANTED** (Doc. 13), Petitioner's Petition for Writ of Habeas Corpus is **DENIED**
12 (Doc. 1), and this Matter is **DISMISSED WITH PREJUDICE**.
13     **IT IS FURTHER ORDERED** The Clerk of the Court is directed to enter
14 judgment accordingly and close this case.
15     Dated this 25th day of January, 2016.

Raner C. Collins
Chief United States District Judge